NOT FOR PUBLICATION                                          [Docket No. 29]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| TONY GERARD ASSOCIATES, LLC, | |
|     Plaintiff, | Civil No. 14-2412 (RMB/AMD) |
|         v. | **OPINION** |
| QBE SPECIALTY INSURANCE COMPANY, | |
|     Defendant. | |

APPEARANCES:

John C. Penberthy III
Penberthy & Penberthy, PC
2020 Springdale Road
Suite 400
Cherry Hill, NJ 08003
    *Attorney for Plaintiff*

Michael S. Saltzman
Goldberg Segalla LLP
1700 Market Street
Suite 1418
Philadelphia, PA 19103-3907

Ronald D. Puhala
Goldberg Segalla LLP
902 Carnegie Center
Suite 100
Princeton, NJ 08540
    *Attorneys for Defendant*

**BUMB**, UNITED STATES DISTRICT JUDGE:

    This matter comes before the Court upon the Motion for Summary Judgment and to Strike the Report of Plaintiff's Expert Robert Bouhon, or in the alternative, to Bar Plaintiff's Expert

1

from Testifying at Trial (the "Motion for Summary Judgment") filed by Defendant QBE Specialty Insurance Company ("QBE" or the "Defendant") [Docket No. 29].  The Court has reviewed the parties' submissions.  For the reasons set forth below, the Motion for Summary Judgment will be denied without prejudice and the Court shall conduct a Daubert hearing regarding the admissibility of Mr. Bouhon's expert report and testimony, pursuant to Daubert v. Merrill Dow Pharmaceutical, Inc., 509 U.S. 579 (1993).

I. **FACTUAL AND PROCEDURAL BACKGROUND**

This dispute stems from damage to Plaintiff's property allegedly caused by wind and wind driven rain during Hurricane Sandy.  Plaintiff contends that Defendant QBE is required to cover the full extent of its property damage under Plaintiff's insurance policy with Defendant QBE.  [Docket No. 14 Ex. A]. The insurance policy has a $25,000 deductible for wind-related damage.  [Docket No. 14 Ex. B, C].  Defendant argues that Plaintiff's damages amount to less than $25,000 and, therefore, the damage to Plaintiff's property is not covered by the insurance policy, given the deductible.  Defendant also argues that Plaintiff cannot causally trace all the damage to its property to Hurricane Sandy.

Defendant QBE urges the Court to strike the report of Plaintiff's expert Robert Bouhon [Docket No. 14 Ex. E] for failure to comply with the requirements of Federal Rule of Evidence 702 regarding expert testimony.[1]  Mr. Bouhon opined that the damage to Plaintiff's property was caused by wind and wind driven rain during Hurricane Sandy and that the damage amounts to well over $25,000.  Defendant, however, objects to Mr. Bouhon's report and testimony on the grounds that Mr. Bouhon is not qualified to testify as to the causation and amount of damages to Plaintiff's property.  Defendant also claims that Mr. Bouhon's opinions are unsupported and speculative and, as a result, inadmissible.  Without the improper expert opinions of Mr. Bouhon, Defendant argues, it is entitled to summary judgment, as the only admissible evidence regarding the causation and amount of damages comes from its own expert's

---

[1] Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a)  the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b)  the testimony is based on sufficient facts or data;
> (c)  the testimony is the product of reliable principles and methods; and
> (d)  the expert has reliably applied the principles and methods to the facts of the case.

assessment of the property, which found certain damage to be pre-existing and, in any case, determined that the total damage was less than $25,000.

## II. LEGAL STANDARDS

### A. New Jersey Local Rule 56.1(a)

As preliminary matter, the Court notes that neither party has strictly complied with New Jersey Local Rule of Civil Procedure 56.1(a), which provides in relevant part:

> On motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted. A motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed. The opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion. . . . Each statement of material facts shall be a separate document (not part of a brief) and shall not contain legal argument or conclusions of law.

While neither party has requested leave from this Court to be excused from the requirements of Local Rule 56.1(a), this Court will nonetheless overlook the parties' non-compliance as it relates to this motion. The Court anticipates full compliance with all applicable rules in the future.

**B. Summary Judgment Standard**

The Court now addresses Defendant's motion for summary judgment and request to strike the expert report of Mr. Bouhon. Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it will "affect the outcome of the suit under the governing law[.]" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." Id.

When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." Meyer v. Riegel Prods. Corp., 720 F.2d 303, 307 n. 2 (3d Cir. 1983). However, a mere "scintilla of evidence," without more, will not give rise to a genuine dispute for trial. Anderson, 477 U.S. at 252.

The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v.

5

Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  Then, "when a properly supported motion for summary judgment [has been] made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'"  Anderson, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)).  The non-movant's burden is rigorous: it "must point to concrete evidence in the record"; mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment." Orsatti v. N.J. State Police, 71 F.3d 480, 484 (3d Cir. 1995); accord Jackson v. Danberg, 594 F.3d 210, 227 (3d Cir. 2010) (citing Acumed LLC v. Advanced Surgical Servs., Inc., 561 F.3d 199, 228 (3d Cir. 2009)) ("[S]peculation and conjecture may not defeat summary judgment.").

### III. ANALYSIS

Defendant argues that Mr. Bouhon is not a qualified expert under Federal Rule of Evidence 702 and that his opinions are merely speculative and subject to exclusion.  "Rule 702 embodies a trilogy of restrictions on expert testimony: qualification, reliability and fit."  Schneider ex rel. Estate of Schneider v. Fried, 320 F.3d 396, 404 (3d Cir. 2003) (internal citations omitted).  The Third Circuit has "long stressed the importance of in limine hearings under Rule 104(a) in making the reliability determination under Rule 702 and Daubert."  Padillas

6

v. Stork-Gamco, Inc., 186 F.3d 412, 417 (3d Cir. 1999).  The decision to hold a Daubert hearing "rests in the sound discretion of the district court."  Henry v. St. Croix Alumina, LLC, 572 F. App'x 114, 119 (3d Cir. 2014) (quoting Padillas, 186 F.3d at 418).

Here, Defendant's Motion for Summary Judgment hinges on the admissibility of Mr. Bouhon's report and testimony regarding the causation and calculation of damages.  Although Defendant's arguments appear to be well-founded, the resolution of this motion requires a Daubert hearing.  The Court will therefore deny the Motion for Summary Judgment without prejudice and schedule a Daubert hearing the day before trial.  See Daubert, 509 U.S. at 589 (recognizing district court's role as gatekeeper to ensure that all expert testimony and evidence is relevant and reliable); Martin v. Blaser Swisslube, Inc., 2005 WL 3454291, at *7 (D.N.J. Dec. 16, 2005) ("A motion for summary judgment should be denied without prejudice pending the outcome of a Daubert hearing, when disposition of the motion depends on a determination of the admissibility of expert testimony.").

IV. **CONCLUSION**

For the reasons set forth above, the Defendant's Motion for Summary Judgment shall be DENIED without prejudice and the Court shall hold a Daubert hearing regarding the admissibility of

Robert Bouhon's report and testimony the day before trial. An appropriate Order will issue this date.

                                         s/Renée Marie Bumb
                                         RENÉE MARIE BUMB
                                         UNITED STATES DISTRICT JUDGE

Dated: May 9, 2016